RECEIVED IN THE UNITED STATES DISTRICT COURT FILED

2006 JAN 1 FOR THE WESTERN DISTRICT OF TEXAS 7  2 46 PM '06

DEBRA P. HACKETT, CL SAN ANTONIO DIVISION     CLERK, US DI... COURT
U.S. DISTRICT COURT                            WESTERN DIST. OF TEXAS
MIDDLE ...                                      BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. |
| | * SA01CR589 OG |
| v. | * INDICTMENT |
| | * |
| CHARLES ANTHONY BLEVINS | * [Vio: 18 U.S.C. § 1341-Mail Fraud- |
| | * Counts 1 - 13] |

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times material herein:

1.   Defendant CHARLES ANTHONY BLEVINS was a certified occupational therapist

     assistant, in the State of Texas, whose practice included treatment of patients for a variety

     of physical injuries.

2.   Defendant CHARLES ANTHONY BLEVINS was the President and owner of Self

     Insured Consultants and Employee Management, LLC (SICEM) and Industrial Athletics,

     LLC, located at 7815 Fortune Drive in San Antonio, Texas; 301 S. Frio, Suite 122, San

     Antonio, Texas; and 800 Buena Vista Building Two, San Antonio, Texas.

3.   From on or about January 1, 1999 to the present, defendant CHARLES ANTHONY

     BLEVINS operated his work hardening, work conditioning and physical therapy practice

     at the above locations.

4.   Work hardening/conditioning required a licensed Physical Therapist, Physical Therapy

     Assistant, licensed Occupational Therapist or certified Occupational Therapy Assistant to

-1-

be present with the patients.

5.     Defendant CHARLES ANTHONY BLEVINS treated and caused to be treated at the
clinics patients who had job-related injuries and who were receiving Texas state and
Federal worker's compensation benefits.

6.     The Federal Employees' Compensation Act (FECA), which is administered by the United
States Department of Labor (DOL), Office of Workers' Compensation Programs
(OWCP), provides workers' compensation coverage to civilian employees of the United
States who suffer employment-related injury, disease, or illness. FECA's basic benefits
included, but were not limited to, medical services and supplies required to treat the
employment-related injury, and compensation for loss of wage-earning capacity resulting
from the employment-related injury. Insurance coverage for the FECA covered
treatments was regulated by the DOL, which administered the workers' compensation
programs for federal employees.

7.     The Texas Workers' Compensation Commission (TWCC) was an agency of the State of
Texas, established by and defined in the Texas Workers' Compensation Act, found in the
Texas Labor Code, Title 5, Subtitle A, to oversee the administration and distribution of
State workers' compensation funds to individuals who are injured in their work place and,
as a result of the injury, require medical attention, and/or become disabled and unable to
work temporarily or permanently. The TWCC is guided by the Texas Worker's
Compensation Commission Rules, found in the Texas Administrative Code, Title 28, Part
2.

8.     Under the Texas Workers' Compensation Act, covered employees with on the job

-2-

injuries received benefits including medical services and supplies required to treat

employment-related injuries, and compensation for loss of wage-earning capacity

resulting from such injuries. Insurance companies providing Texas workers'

compensation insurance were regulated by TWCC.

9.    A Physician's Current Procedural Terminology code, a "CPT" code, was a standard

number assigned to a medical procedure performed by an individual, who was qualified

to practice or prescribe that procedure, which was universally used by insurance

companies and health care providers to identify services rendered for payment by

insurance companies.

10.   A Health Care Finance Administration Form # 1500, "HCFA 1500," was a standardized

form designed and printed by the federal government and used universally in the United

States by private and government insurance companies, and health care providers to bill

for health care services.

11.   The treatments provided by defendant CHARLES ANTHONY BLEVINS were generally

covered by TWCC, which regulates private insurance carriers, and by DOL-OWCP,

which administers the Workers' Compensation program for federal employees.

THE SCHEME

12.   It was a part of the scheme to defraud and to obtain money and property by means of

false and fraudulent pretenses, representations and promises, that defendant CHARLES

ANTHONY BLEVINS submitted and caused to be submitted false bills to the

Department of Labor and to private insurance carriers for the payment of treatments and

services rendered to patients when, in fact, defendant CHARLES ANTHONY BLEVINS

-3-

knew that the patients did not receive the full amount of treatments and services billed.

13.   It was further a part of the scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, that defendant CHARLES ANTHONY BLEVINS caused physicians to be paid referral fees in various forms in exchange for the referral of patients to the clinics.

14.   It was further a part of the scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, that defendant CHARLES ANTHONY BLEVINS caused work hardening patients to be billed as having received eight hours of work hardening treatment Mondays through Fridays.

15.   It was further a part of the scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, that Mondays through Thursdays, work hardening patients received at most six hours of work hardening treatment, after which they would be released for the day.

16.   It was a further part of the scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, that on Fridays, work hardening patients received at most four hours of work hardening treatment, after which they would go on outings unrelated to their therapy accompanied by employees of SICEM and INDUSTRIAL ATHLETICS, and often by defendant CHARLES ANTHONY BLEVINS. These outings, which were known as "Fun Fridays", included such destinations as the San Antonio Zoo, the Riverwalk, a bowling alley, "Laser Quest", "Malibu Grand Prix", "Fatso's Sports Bar", "Hooters" and Brackenridge Park. The destinations were usually chosen by the patients a day or two in advance.

-4-

17. It was further a part of the scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, that defendant CHARLES ANTHONY BLEVINS caused the HCFA 1500s which were submitted to DOL to use CPT codes 97545 & 97546, which indicate that a physician or a licensed physical or occupational therapist had "direct (one on one) patient contact" during all the work hardening treatments when in fact as defendant CHARLES ANTHONY BLEVINS well knew, such was not the case.

18. It was further a part of the scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, that defendant CHARLES ANTHONY BLEVINS caused the HCFA 1500s which were submitted to TWCC to use CPT codes 97545 & 97546, both with the modifier "WH", which require that a physician or a licensed physical or occupational therapist to provide "direct on-site supervision of work hardening activities" when in fact as defendant CHARLES ANTHONY BLEVINS well knew, such was not the case.

19. After receiving the false and fraudulent billing statements, the DOL and private insurance carriers issued payments via the United States Mail to defendant CHARLES ANTHONY BLEVINS and SICEM and INDUSTRIAL ATHLETICS.

20. From a time unknown to the Grand Jury but believed to be not later than January 2000, through in or about May 2001, in the Western District of Texas, defendant CHARLES ANTHONY BLEVINS, for the purpose of executing the aforesaid scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, and attempting to do so, willfully and knowingly caused to be delivered by the

United States Postal Service, according to the directions thereon, envelopes with bills

which bills were fraudulent in that they were for work hardening that the patients did not

actually receive, as defendant CHARLES ANTHONY BLEVINS well knew.

## COUNT 1
### (18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference

herein as if fully set forth.

On or about December 5, 2000, in the Western District of Texas, the defendant,

### CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to the U.S. Department of Labor, which

falsely and fraudulently represented, that on each of the dates November 27, 2000, November 28,

2000, November 29, 2000, November 30, 2000, and December 1, 2000, patient, J.E., a Randolph

Air Force Base employee, received eight hours of work hardening/conditioning

therapy/treatment billing pursuant to CPT codes 97545 and 97546, when in truth and in fact,

defendant CHARLES ANTHONY BLEVINS knew that eight hours of work

hardening/conditioning therapy/treatment was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

<u>COUNT 2</u>
(18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference herein as if fully set forth.

On or about December 12, 2000, in the Western District of Texas, the defendant,

CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing and in order to effect the scheme to defraud and to obtain money and property, did knowingly cause to be sent, delivered by the United States Postal Service, according to the directions thereon, a HCFA 1500 to the U.S. Department of Labor, which falsely and fraudulently represented, in the HCFA 1500, that each of the dates on December 4, 2000, December 5, 2000, December 6, 2000, December 7, 2000, and December 8, 2000, patient, J.E., a Randolph Air Force Base employee, received eight hours of work hardening/conditioning therapy/treatment billing pursuant to CPT codes 97545 and 97546, when in truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that eight hours of work hardening/conditioning therapy/treatment was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

<u>COUNT 3</u>
(18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference herein as if fully set forth.

On or about December 5, 2000, in the Western District of Texas, the defendant,

-7-

CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to Zurich Insurance Co., which falsely and

fraudulently represented, in the HCFA 1500, that on each of the dates November 27, 2000,

November 29, 2000, November 30, 2000, and December 1, 2000, patient T.H.G. received eight

hours of work hardening billing pursuant to CPT codes 97545-WH and 97546-WH, when in

truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that eight hours of work

hardening was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

COUNT 4
(18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference

herein as if fully set forth.

On or about December 12, 2000, in the Western District of Texas, the defendant,

CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to Zurich Insurance Co., which falsely and

fraudulently represented, in the HCFA 1500, that on each of the dates December 4, 2000,

December 5, 2000, December 7, 2000, and December 8, 2000, patient T.H.G. received eight

hours of work hardening billing pursuant to CPT codes 97545-WH and 97546-WH, when in

truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that eight hours of work

hardening was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

### COUNT 5
(18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference

herein as if fully set forth.

On or about December 5, 2000, in the Western District of Texas, the defendant,

### CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to VIA Metropolitan Transit, which falsely

and fraudulently represented, in the HCFA 1500, that on each of the dates November 27, 2000,

November 28, 2000, November 29, 2000, November 30, 2000, and December 1, 2000, patient

C.McP. received eight hours of work hardening billing pursuant to CPT codes 97545-WH and

97546-WH, when in truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that

eight hours of work hardening was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

## COUNT 6
### (18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference herein as if fully set forth.

On or about December 12, 2000, in the Western District of Texas, the defendant,

## CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing and in order to effect the scheme to defraud and to obtain money and property, did knowingly cause to be sent, delivered by the United States Postal Service, according to the directions thereon, a HCFA 1500 to VIA Metropolitan Transit, which falsely and fraudulently represented, in the HCFA 1500, that on each of the dates December 4, 2000, December 5, 2000, December 6, 2000, December 7, 2000, and December 8, 2000, patient C.McP. received eight hours of work hardening billing pursuant to CPT codes 97545-WH and 97546-WH, when in truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that eight hours of work hardening was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

## COUNT 7
### (18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference herein as if fully set forth.

On or about December 5, 2000, in the Western District of Texas, the defendant,

CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to Cambridge Insurance, which falsely and

fraudulently represented, in the HCFA 1500, that on each of the dates November 27, 2000,

November 28, 2000, November 29, 2000, November 30, 2000, and December 1, 2000, patient

A.C.M. received eight hours of work hardening billing pursuant to CPT codes 97545-WH and

97546-WH, when in truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that

eight hours of work hardening was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

### COUNT 8
### (18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference

herein as if fully set forth.

On or about December 12, 2000, in the Western District of Texas, the defendant,

CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to Cambridge Insurance, which falsely and

fraudulently represented, in the HCFA 1500, that on each of the dates December 4, 2000,

December 5, 2000, December 6, 2000, December 7, 2000, and December 8, 2000, patient

A.C.M. received eight hours of work hardening billing pursuant to CPT codes 97545-WH and

97546-WH, when in truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that

eight hours of work hardening was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

## COUNT 9
### (18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference

herein as if fully set forth.

On or about December 5, 2000, in the Western District of Texas, the defendant,

### CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to VIA Metropolitan Transit, which falsely

and fraudulently represented, in the HCFA 1500, that on each of the dates November 27, 2000,

November 28, 2000, November 29, 2000, November 30, 2000, and December 1, 2000, patient

J.P.S. received eight hours of work hardening billing pursuant to CPT codes 97545-WH and

97546-WH, when in truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that

eight hours of work hardening was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

COUNT 10
(18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference

herein as if fully set forth.

On or about December 12, 2000, in the Western District of Texas, the defendant,

CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to Zenith Insurance Co., which falsely and

fraudulently represented, in the HCFA 1500, that on each of the dates December 5, 2000,

December 6, 2000, December 7, 2000, and December 8, 2000, patient R.D.R. received eight

hours of work hardening billing pursuant to CPT codes 97545-WH and 97546-WH, when in

truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that eight hours of work

hardening was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

COUNT 11
(18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference

-13-

herein as if fully set forth.

On or about December 12, 2000, in the Western District of Texas, the defendant,

CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to VIA Metropolitan Transit, which falsely

and fraudulently represented, in the HCFA 1500, that on each of the dates December 4, 2000,

December 6, 2000, December 7, 2000, and December 8, 2000, patient J.A.S. received eight hours

of work hardening billing pursuant to CPT codes 97545-WH and 97546-WH, when in truth and

in fact, defendant CHARLES ANTHONY BLEVINS knew that eight hours of work hardening

was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

## COUNT 12
(18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference

herein as if fully set forth.

On or about December 5, 2000, in the Western District of Texas, the defendant,

CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

-14-

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to VIA Metropolitan Transit, which falsely

and fraudulently represented, in the HCFA 1500, that on each of the dates November 27, 2000,

November 28, 2000, November 30, 2000, and December 1, 2000, patient R.A.U. received eight

hours of work hardening billing pursuant to CPT codes 97545-WH and 97546-WH, when in

truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that eight hours of work

hardening was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

## COUNT 13
(18 U.S.C. §1341)

Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference

herein as if fully set forth.

On or about December 12, 2000, in the Western District of Texas, the defendant,

CHARLES ANTHONY BLEVINS

having knowingly devised and attempted to devise a scheme to defraud and to obtain money and

property by means of false and fraudulent pretenses, representations and promises, and for the

purpose of executing and in order to effect the scheme to defraud and to obtain money and

property, did knowingly cause to be sent, delivered by the United States Postal Service,

according to the directions thereon, a HCFA 1500 to VIA Metropolitan Transit, which falsely

and fraudulently represented, in the HCFA 1500, that on each of the dates December 4, 2000,

December 5, 2000, December 6, 2000, December 7, 2000, and December 8, 2000, patient R.A.U.

-15-

received eight hours of work hardening billing pursuant to CPT codes 97545-WH and 97546-WH, when in truth and in fact, defendant CHARLES ANTHONY BLEVINS knew that eight hours of work hardening was not provided.

All in violation of Title 18, United States Code, Sections 2 & 1341.

### NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### (18 U.S.C. §§ 1341 AND 982(a)(7))

As a result of the foregoing criminal violations as set forth in Counts One (1) through Thirteen (13), Defendant CHARLES ANTHONY BLEVINS shall forfeit to the United States of America:

> Any property, real or personal, that constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense;

thereby making Defendant CHARLES ANTHONY BLEVINS's respective right, title, and interest in said property and all property from gross proceeds traceable to the commission of the offense(s), forfeitable to the United States of America pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve or Thirteen. Such property includes, but is not limited to, the following:

a. The right, title, and interest of Defendant CHARLES ANTHONY BLEVINS in a 1967 Chevrolet Corvette Convertible automobile, VIN 194677S118709.

All in violation of Title 18, United States Code, Section 1341 and pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

-16-

MONEY JUDGMENT

(Title 18 U.S.C. §§ 1341 and 982(a)(7))

As a result of the foregoing criminal violations as set forth in Count One (1) through

Thirteen (13), Defendant CHARLES ANTHONY BLEVINS shall forfeit to the United States

pursuant to Title 18, United States Code, Section 982(a)(7), any and all property, real or

personal, that constitutes, or is derived, directly or indirectly, from gross proceeds traceable to

the commission of the offense(s), wherein Defendant CHARLES ANTHONY BLEVINS did

obtain, use or intend to use:

> Any property, real or personal, which constitutes, or is derived,
> directly or indirectly, from gross proceeds traceable to the
> commission of the offense(s);

thereby making Defendant CHARLES ANTHONY BLEVINS' right, title and interest in said

property forfeitable to the United States of America, including, but not limited to, the following:

Any and all right, title and interest of Defendant CHARLES ANTHONY

BLEVINS in the sum of TWO HUNDRED EIGHTEEN THOUSAND SIX

HUNDRED FORTY DOLLARS ($218,640.00) and any interest and proceeds

traceable thereto, in that such sum in aggregate is property which constitutes, or is

derived, directly or indirectly, from gross proceeds traceable to the commission of

the offense(s).

All in violation of Title 18, United States Code, Section 1341 and subject to forfeiture

pursuant to Title 18, United States Code, Section 982(a)(7).

SUBSTITUTE ASSETS

If the property described above as being subject to forfeiture pursuant to Title 18, United

-17-

States Code, Sections 1341 and 982(a)(7), as a result of any act or omission of Defendant

CHARLES ANTHONY BLEVINS,

      (1)     cannot be located upon the exercise of due diligence;

      (2)     has been transferred or sold to, or deposited with a third party;

      (3)     has been placed beyond the jurisdiction of the Court;

      (4)     has been substantially diminished in value; or

      (5)     has been commingled with other property which cannot be subdivided without
               difficulty;

it is the intent of the United States of America, pursuant to Title 18, United States Code, Section

982(a)(7), to seek forfeiture of any other property of said defendant up to the value of any

property described in the paragraphs referenced above.

A TRUE BILL

FOREPERSON OF THE GRAND JURY

ROBERT L. PITMAN
United States Attorney

By: WILLIAM R. HARRIS
     WILLIAM R. HARRIS
     Assistant United States Attorney

-18-