IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| vs. ) | CR. NO. 2:06cr007-WHA |
| CHARLES ANTHONY BLEVINS ) | |

**ORDER**

This case is before the court on the Renewed Motion to Terminate Supervised Release (Doc. #7), filed by the Defendant. The court requested a recommendation from the United States Probation Office, which has now been received, and a copy of which is attached to this order.

Based upon a review of the file and the recommendation of the Probation Officer, and after considering all factors relevant to early termination, the court is satisfied that termination is warranted by the conduct of the offender and is in the interest of justice. Therefore, it is hereby

ORDERED that the Renewed Motion to Terminate Supervised Release is GRANTED, and the Defendant's supervised release is terminated as of this date.

DONE this 14th day of December, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

PROBATION OFFICE
# MEMORANDUM

*TO:*      The Honorable W. Harold Albritton, Senior United States District Judge

*REPLY TO ATTN OF:*      M. Stanford Robinson, United States Probation Officer

*SUBJECT:*      United States of America vs. Charles Anthony Blevins
Docket Number: 2:06CR00007-WHA
**RECOMMENDATION ON ON EARLY TERMINATION OF SUPERVISED RELEASE**

*DATE:*      December 14, 2006

**COURT HISTORY:** Charles Anthony Blevins was sentenced on August 26, 2004, by the Honorable Orlando L. Garcia, United States District Judge for the Western District of Texas. Blevins pled guilty to one count of Mail Fraud. He was sentenced to twelve (12) months and one day with a three (3) year term of supervised release. The offender has recently filed a motion before the Court requesting early termination of his supervised release. The Court has requested that the United States Probation Officer (USPO) make a recommendation on this motion by December 15, 2006.

**SUPERVISION HISTORY:** The offender was released from the Bureau of Prisons (BOP) to begin his term of supervision on October 13, 2005. He has filed a motion dated December 4, 2006, before this Honorable Court requesting that his supervision be terminated early. In his memorandum to the Court, he provides grounds for the Court to grant early termination. Specifically, he states that he

**BLEVINS, Charles Anthony**
**2:06cr00007-WHA—Memo Regarding Early Termination**
**Page 2**

has served the statutory minimum of at least one year on supervised release; he has paid his restitution of $112,772.59; he has been a model citizen; and he has not presented any problems while on supervision. Title 18 U.S.C. Section 3583 (e)(1) governs termination of supervised release. The Court can terminate supervised release at any time after one year of supervision if the Court is satisfied that such action is warranted by the conduct of the offender and is in the interest of justice. The Court, pursuant to 18 U.S.C. Section 3583 (e), must also take into account the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), when it considers early termination.

In regards to the factors that the offender sets forth, the USPO does not dispute the issues of fact. That is, the offender has served at least one year on supervised release and he has paid his restitution in full. In regards to the offender's claim of being a 'model citizen' while on supervised release, the USPO would offer that the definition of a 'model citizen' is too subjective. Rather, the USPO would agree with the offender that there have been no issues of non-compliance while the offender has been on supervised release. The Administrative Office of the United States Courts, Office of Probation and Pretrial Services, has given the USPO general criteria, nine in total, to consider for recommendation of early termination of supervised release. They are:

   1. stable community reintegration (e.g. residence, family, and employment);

   2. progressive strides toward supervision objectives and in compliance with all conditions    of supervision.

   3. no aggravated role in the offense of conviction, especially large drug or fraud offenses;

   4. no history of violence (e.g. sexually assaultive, predatory behavior, or domestic violence);

   5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct.

**BLEVINS, Charles Anthony**
**2:06cr00007-WHA—Memo Regarding Early Termination**
**Page 3**

      6. no recent evidence of alcohol or drug abuse;

      7. no recent psychiatric episodes;

      8. no identifiable risk to the safety of any identifiable victim; and

      9. no identifiable risk to public safety based upon the Risk Prediction Index (RPI).

The guidance given is strictly that, guidance.  However, failure to meet criterion eight or nine, ordinarily precludes offenders from early termination.  Additionally, failure to meet the other criteria does not automatically exclude the offender from early termination, however, they must be looked at on a case by case basis for the appropriateness of early termination. So, when the USPO  looks to recommend whether or not the offender should be terminated early from supervision, the USPO looks to the above criteria to help make the decision and the USPO looks at past history both while on this supervision and prior to the commission of his federal instant offense.   Based upon his time so far spent on supervised release and his past history, the offender meets all the criteria as set forth.

The offender has no criminal history, no history of use of controlled substances, no history of alcohol abuse, and his risk of recidivism is low.  The determination of risk of recidivism is based on the RPI.   The offender's RPI score is one (1).  As referenced in Monograph 109, The Supervision of Federal Offenders- March 2003, the RPI is the tool used by officers to estimate the  likelihood that an offender will be arrested or have supervision revoked during his or her term of supervision.  The RPI is a statistical model developed by the Federal Judicial Center at the request of the Judicial Conference Committee on Criminal Law, and approved by the Judicial Conference in March 1997.  The model has been extensively tested and has been shown to be a strong indicator of the risk of recidivism for all federal offenders.  The RPI scores range from zero to nine, with nine indicating a higher likelihood of violation.  Scores of zero or one indicate that the offender has a very high likelihood of success-i.e. over ninety percent of offenders in these categories do

not recidivate. As stated, the offender's score is one (1). This score would place him in the lowest percentile for risk of recidivism.

**RECOMMENDATION:** The United States Probation Office has no compelling reason to recommend denial of the offender's motion.

                                            Respectfully submitted,

                                            /s/ M. Stanford Robinson
                                            M. Stanford Robinson
                                            United States Probation Officer

Reviewed and Approved by:

/s/ David Ron Thweatt
David Ron Thweatt
Supervisory U.S. Probation Officer